QUIÑONES *v.* THE AMERICAN RAILROAD CO. OF PORTO RICO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 574.—Resuelto en marzo 10, 1911.

INJUNCTION—EXPROPIACIÓN FORZOSA—DAÑOS Y PERJUICIOS.—Una demanda en que se reclaman daños y perjuicios ocasionados por la ocupación ilegal de un terreno, al amparo de una orden de *injunction* que fué posteriormente revocada, puede y debe sustanciarse con entera independencia de cualquier procedimiento de expropiación que pueda estar pendiente y que haga referencia al mismo terreno.

ID.—DAÑOS Y PERJUICIOS OCASIONADOS EN CASOS DE INJUNCTION—CASOS EN QUE LA FIANZA SE CONSIGNE EN EFECTIVO.—Aun cuando la acción para recobrar daños y perjuicios ocasionados en un procedimiento de *injunction,* debe dirigirse contra la fianza previamente prestada para garantir esos mismos daños y perjuicios, tal principio no es aplicable en aquellos casos en que la fianza no haya sido prestada por fiadores que deban ser demandados sino consignada en efectivo en la Secretaría de la Corte, en los cuales es suficiente dirigir el procedimiento contra la misma parte que la consignara, pudiendo la Corte ordenar, al dictar sentencia, que ésta se satisfaga con el dinero depositado para garantir el pago de dichos perjuicios.

ID.—DAÑOS QUE PUEDEN RECOBRARSE—HONORARIOS DE ABOGADOS.—El demandante sólo puede recobrar aquellos daños inmediatos que pueda determinar con razonable certeza, y entre estos daños puede concederse la cantidad que, por honorarios de abogados del demandante, y con vista de la prueba practicada, estime la corte justa y procedente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Eduardo Acuña y José E. Figueras.*

Abogados del apelado: *Sres. N. B. K. Pettingill y F. L. Cornwell.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra una sentencia de la Corte de Distrito de Mayagüez dictada en un pleito sobre daños y perjuicios sufridos con motivo de cierta orden de *injunction* expedida por la expresada corte.

Según aparece de la transcripción del récord, José Vicente Quiñones, el demandante y apelante, es dueño de cierta finca rústica radicada en San Germán y de unos establecimientos para fabricar. azúcar moscabado enclavados en la misma.

La American Railroad Company of Porto Rico, la demandada y apelada, se ocupaba en la construcción de un ramal de ferrocarril entre Hormigueros y San Germán, y con sus obras penetró en la finca del demandante. Este se opuso y la demandada acudió a la corte de distrito y obtuvo una orden de *injunction* contra el demandante y bajo la autoridad de tal orden continuó sus obras hasta terminarlas, ocupando finalmente con su vía 2,844 metros 40 centímetros cuadrados de superficie en la finca del demandante. Para obtener el *injunction,* la demandada prestó una fianza en efectivo por la suma de $1,300 que depositó en poder del secretario de la corte.

Apelada por el demandante la orden de *injunction* para ante este Tribunal Supremo, fué revocada, y el demandante, en su consecuencia, fué puesto de nuevo en posesión de sus tierras ocupadas por la demandada.

El demandante estableció el presente pleito para recobrar la suma de $3,500 pesos como indemnización ''por daños y perjuicios causados por la orden de *injunction* de que se ha hecho relación;'' y mientras este pleito se tramitaba y resolvía, existía otro pendiente en la misma corte entre las mismas partes sobre expropiación de la misma faja de terreno ocupada por la demandada.

La demandada alegó excepciones previas a la demanda que la corte desestimó y archivó entonces su contestación. El

juicio comenzó a celebrarse ante el Juez de Distrito y continuó ante un *master* nombrado por el juez.

El informe del *master* contiene las siguientes conclusiones:

"El árbitro es, por lo tanto, de opinión y por consiguiente resuelve:

"Primero. Que el elemento de daños de dos mil pesos de beneficios perpectivos del molino, correspondientes a una zafra, que se pide en la demanda, no puede tomarse en cuenta en el pleito presente, o por lo menos mientras no haya una resolución final en el pleito principal de expropiación forzosa, y

"Segundo. Que la cantidad de mil quinientos dollars que se piden también en dicha demanda, no puede tampoco tomarse en cuenta en este pleito, por la razón de que el remedio que tenga el demandante para recobrar honorarios de abogado, es ya una acción fundada en la fianza prestada en el pleito de *injunction,* o quizás en una acción por persecución maliciosa, en caso de que los hechos fueren suficientes a justificar tal acción.

"En vista de las circunstancias de que quizás en el Tribunal Supremo se resuelva el pleito de expropiación forzosa de modo tal que permita al demandante en la presente recobrar, por lo menos en parte, por los fundamentos o materia objeto de este pleito, el árbitro sugiere, sin hacer dictamen alguno, que sería a bien, para conveniencia, tanto de la corte como de las partes el abstenerse de resolver en este pleito hasta que haya la adjudicación final en el de expropiación forzosa.

"El árbitro desea llevar a la mente de las partes y de la corte que no es su propósito por nada de lo dicho en este informe, perjudicar en lo más mínimo el derecho del demandante a recobrar en un pleito o pleitos adecuados, todos los daños legales sufridos por él, con motivo de la penetración y apropiación ilegal de su propiedad inmueble por la demandada."

Y la sentencia de la corte es como sigue:

"Por cuanto: Esta causa fué llamada para juicio el día 21 de diciembre de 1909 y después de empezar la prueba del demandante, fué acordado por las partes y por la corte, que el resto de la prueba fuera tomada ante un delegado de la corte (*master*).

"Por cuanto: En la misma fecha la corte nombró al Licenciado Benjamín J. Horton, *master* en esta causa, con el deber de tomar la prueba que faltaba en ambas partes y presentar una copia certificada de la misma a la corte y en vista de dicha prueba, de la ya practicada

y de los *briefs* que le presentaran ambas partes, proponer a la corte sus conclusiones de hecho y de derecho.

"Por cuanto: El *master*, Licenciado Horton, en 14 de febrero de 1910, y fecha 11 del mismo mes presentó su dictamen el cual ha sido debidamente considerado por la corte y sus resoluciones encontradas de acuerdo con la prueba y la ley y jurisprudencia aplicable al caso.

"Por cuanto: La jurisprudencia expuesta en el caso de *Acevedo* v. *Orr*, 100 Cal., 293, y en otros casos aplicables, es terminante y de acuerdo con la misma, no es procedente la demanda en el caso actual, en los términos en que está redactada.

"Por cuanto: La corte desestima la demanda, sin especial condena de costas, reservando al demandante el derecho de recobrar, ya en una acción fundada en la fianza prestada en el pleito de *injunction* o ya por medio de cualquier otra acción adecuada, todos los daños legales que haya sufrido con motivo de la invasión y apropiación ilegal de su propiedad por la compañía demandada."

¿Debió la corte proceder en la forma en que lo hizo, o debió dictar sentencia resolviendo en definitiva, por los méritos de las alegaciones y de las pruebas, los derechos de las partes?

Después de un examen cuidadoso de los hechos, entendemos que si bien este pleito se relaciona con el de expropiación forzosa de la faja de terreno ocupada por la demandada, pueden ambos resolverse independientemente.

Lo que en este pleito reclama el demandante es la indemnización por los daños y perjuicios que alega que le ocasionó la demandada por la ocupación ilegal de sus tierras, daños y perjuicios que el demandante aprecia en dos mil dollars por no haber podido efectuar en los meses de diciembre de 1908 y siguientes, la molienda de cañas en sus establecimientos, y en mil quinientos dollars más por honorarios que tuvo que pagar a los abogados que lo defendieron.

En el otro pleito, o sea en el de expropiación forzosa, en la sentencia definitiva que se dicte, se determinará, no sólo si asiste a la demandante el derecho a la expropiación de la propiedad de que se trata, sino también la cantidad que el demandante deba satisfacer al demandado. Para determinar tal cantidad deberá tenerse en cuenta lo preceptuado en el.

artículo 355 del Código Civil Revisado, esto es: que la indem-
nización comprenderá, no sólo el valor de la cosa de la cual el
propietario es privado, sino también una remuneración por
los daños y perjuicios que se le ocasionen.

Pero esos daños y perjuicios, repetimos, no son los rela-
cionados en este pleito.   Lo que aquí se reclama son los daños
y perjuicios ocasionados, según se alega, por los actos de la
demandada al ocupar el terreno del demandante sin su con-
sentimiento y al amparo de una orden que fué posteriormente
revocada, y no como consecuencia de una sentencia de expro-
piación.

Por obtener el consentimiento del demandante y en caso
negativo por instar un procedimiento de expropiación y lle-
varlo adelante hasta lograr una sentencia a su favor, fué que
debió comenzar la demandada en este caso.   Ella no lo hizo
así; ella penetró en las tierras del demandante sin el consenti-
miento del dueño y cuando el dueño se opuso, ella obtuvo una
orden de *injunction* y prestó una fianza para garantir los daños
y perjuicios que pudiera ocasionar al demandante.   Y tales
daños y perjuicios y nó otros son los que se reclaman en este
pleito.

"* * * y siempre que dentro del segundo día a contar
del siguiente al de la fecha de esta resolución (dijo la Corte
de Distrito de Mayagüez al negarse a disolver el *injunction*
de que se trata), la American Railroad of Porto Rico, deman-
dante, aumente en mil pesos más, la fianza que por trescientos
pesos tiene constituída para garantir al demandado los daños
y perjuicios que puedan ocasionársele por dicha orden de
*injunction;* * * *."   Y en vista de lo resuelto por la corte,
la American Railroad Company entregó al secretario del tri-
bunal en efectivo los mil pesos exigidos con un escrito que
dice así:

"Cumpliendo la orden de esta honorable corte de fecha 13 de
agosto de 1908, acompaño a la presente la suma de mil dollars como
fianza metálica para que se libre por dicha corte la orden de *injunction*

preliminar a que se refiere dicha orden contra el demandado, sus agentes, sirvientes, etc., mientras se falla y resuelve definitivamente el pleito de expropiación forzosa que contra el demandado arriba nombrado tiene entablada la demandante en esta corte.''

En el caso de *Acevedo* v. *Orr,* 100 Cal., 293, citado en la sentencia apelada, se establece la doctrina de que para reclamar daños y perjuicios ocasionados en un procedimiento de *injunction,* debe dirigirse la acción contra la fianza previamente prestada para garantir tales daños y perjuicios. Tal doctrina es lógica y está basada en la naturaleza misma de estos procedimientos; pero en el presente caso no existe una fianza prestada por fiadores a quienes haya necesidad de demandar. La misma demandada depositó en efectivo en el Secretario de la Corte de Distrito la fianza exigida, y, siendo esto así, basta dirigir el procedimiento, como se ha dirigido, contra la demandada, pudiendo el juez, al dictar su sentencia, ordenar que se satisfaga con el dinero depositado para garantir precisamente los daños y perjuicios que pudieran ocasionarse con motivo de la orden de *injunction.*

La sentencia apelada en tal virtud, debe revocarse y, de acuerdo con lo prescrito en el artículo 306 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1906, leyes de 1906, página 65, debe esta Corte Suprema proceder a pronunciar la sentencia que debió haber dictado el tribunal inferior.

Hemos examinado cuidadosamente las alegaciones y las pruebas practicadas y opinamos que las últimas no demuestran cumplidamente que el demandante se viera imposibilitado de moler en sus establecimientos en la zafra de 1908 a consecuencia de las obras construídas por la demandada en las tierras del demandante. Tales obras pudieron acaso dificultar la molienda, puesto que redujeron la extensión de la plaza de la hacienda y el tendido del bagazo y la separación de las cañas se hubieran hecho con ménos comodidad, y los carros de caña de algunos colonos hubieran tenido que recorrer un camino más largo para llegar a los establecimientos. Pero

estas dificultades no eran de tal naturaleza que impidieran al demandante moler en sus establecimientos si así lo hubiera decidido.

"El demandante puede recobrar indemnización solamente por aquellos daños próximos, que pueda determinar con razonable certeza.   El no puede recobrar por aquellos daños causados por sus actos voluntarios o por omisión en actuar cuando debiera hacerlo."   (22 Cyc., 1049.)

Los actos de la demandada fueron claramente ilegales y debieron ocasionar sin duda algunos daños y perjuicios al demandante, pero con la prueba practicada, no aceptando como elemento de daños y perjuicios el haber dejado de moler en la zafra de 1908, es bien difícil fijar la cuantía de tales daños y perjuicios que no se alegaron además específicamente en la demanda.   Sólo el hecho de que a consecuencia de los actos de la demandada, el demandante se vió en la necesidad de recurrir a los tribunales usando de los servicios de abogados, resulta alegado y plenamente demostrado.

No habiéndose ejercitado la acción de persecución maliciosa, ¿pueden reclamarse los honorarios de los abogados en este pleito?   Entendemos que sí, pues así se desprende de la misma ley sobre *injunction* que rige en Puerto Rico.   (Véase el último párrafo de la sec. 10, leyes de 1906, p. 84.   Véase también 22 Cyc., 1053.)

En los autos existe prueba tendente a demostrar que el demandante pagó por honorarios de abogados en el pleito de *injunction* en la corte de distrito y en el Tribunal Supremo, la suma de mil quinientos dollars.   Tal suma nos parece excesiva.   Es indudable que el asunto envolvía una cuestión de derecho importante, pero nosotros creemos que la suma de mil dollars satisface con razonable liberalidad y atendidas todas las circunstancias que en este caso existen en favor del demandante y en contra del demandado, los dichos honorarios.

En tal virtud, la suma de mil dollars es la única que debe ordenarse que el demandante recobre del demandado en este

caso en concepto de compensación por los daños y perjuicios reclamados en el mismo.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociado Sr. Wolf.

Los Jueces Asociados Sres. MacLeary y Aldrey, no intervinieron en la resolución de este caso.