Sucesión Jiménez, Demandante y Apelada, *v.* Cruz et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre daños y perjuicios.

No. 2484.—Resuelto en diciembre 9, 1922.

Honorarios de Abogado—Daños y Perjuicios—*Injunction.*—En una acción seguida a virtud de fianza prestada para garantizar el pago de los daños y perjuicios que pudieran originarse con motivo de una orden de *injunction* preliminar, los honorarios que pueden recobrarse generalmente están limitados a aquéllos que son necesarios al tratar de obtener la resolución del *injunction,* quedando excluidos los servicios prestados al hacerse una defensa general sobre los méritos, así como también los honorarios por servicios suministrados al pretender sin éxito obtener la disolución de tal *injunction.* Por tanto, si un demandado en vez de procurar disolver el *injunction* preliminar trata más bien de impedir la expedición de un *injunction* perpetuo, o encamina sus esfuerzos, a hacer ineficaz la acción del demandante, el gasto incurrido por honorarios de abogado es un incidente en la acción y no puede recobrarse en concepto de daños y perjuicios originados por razón del *injunction.*

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José de Guzmán Benítez.*

Abogado de la apelada: *Sr. F. González.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

La Corte de Distrito de Humacao dictó sentencia por la suma de $402 en concepto de daños y perjuicios en una acción seguida a virtud de fianza prestada para garantizar el pago

de 'los daños y perjuicios que pudieran originarse por razón de la expedición del *injunction* provisional u orden restrictiva. Cuatrocientos dólares de la suma por tal concepto recobrada corresponde a los honorarios de abogado por servi cios profesionales prestados no por tratar de obtener la resolución del *injunction* preliminar, sino por defender el caso principal sobre sus méritos, siendo la disolución de la orden restrictiva un mero incidente para el resultado de la cuestión principal.

Cita la corte inferior el caso de *Moreno v. Martínez et al.*, 14 D. P. R. 383, pero los honorarios de abogado envueltos en aquel caso parece que fueron por servicios suministrados para conseguir la disolución del *injunction*. Si esta corte será o no consecuente con la regla enunciada en dicho caso, la que parece estar sostenida por el gran peso de las autoridades en las cortes de estados, o reconocerá lo que es al parecer la doctrina establecida en las cortes federales, y en los territorios donde se consideran como reguladoras las decisiones de aquellas cortes, es cuestión que no es necesario resolver ahora definitivamente.

"Los honorarios que pueden recobrarse generalmente están limitados a aquellos que son necesarios al tratar de obtener la resolución de un *injunction,* quedando excluídos los servicios prestados al hacerse una defensa general sobre los méritos, así como también los honorarios por servicios suministrados al pretender obtener sin éxito la disolución de un *injunction*. Por tanto, si un demandado en vez de procurar disolver el *injunction* preliminar trata más bien de impedir la expedición de un *injunction* perpetuo, o encamina sus esfuerzos a hacer ineficaz la acción del demandante, el gasto incurrido por honorarios de abogado es un incidente en la acción y no puede recobrarse en concepto de daños y perjuicios originados por razón del *injunction.*" 14 R. C. L. pág. 487, sección 191.

Esta regla parece ser de aplicación con peculiar fuerza al presente caso, toda vez que en los procedimientos de *injunction* quedaron excluídos expresamente los honorarios de abogado, en el ejercicio de una sana discreción por el juez senten-

ciador, del pronunciamiento de costas a favor de los demandados en dichos procedimientos. Y dentro de las circunstancias no vemos razón por la que deba condenarse a los demandados en este caso al pago de costas.

Debe modificarse la sentencia apelada eliminándose la partida de honorarios de abogado con el pronunciamiento relativo a las costas, y así modificada, confirmarse.

> *Confirmada la sentencia apelada, modificándola, sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.