San Juan Racing & Sporting Club, Inc., demandante y apelada, *v.* Enrique Castro y Federico Rubert, demandados y apelantes.

No. 4125.—*Visto:* Abril 27, 1928. *Resuelto:* Mayo 31, 1928.

*R. Rivera Zayas,* abogado de los apelantes; *Leopoldo Feliú,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Jesús Mediavilla y Francisco Mesa demandaron el 10 de mayo de 1922 a la corporación San Juan Racing & Sporting

Club para que por la corte de distrito fuesen declarados nulos los acuerdos tomados por la corporación demandada prohibiendo al demandante Mediavilla que durante seis meses corriese sus caballos en el hipódromo que la demandada sostiene y administra, y expulsando al otro demandante, que es *jockey* de Mediavilla, del expresado hipódromo y prohibiéndole la entrada en él. Como remedio auxiliar de esa demanda obtuvieron los demandantes que la corte decretase un auto de *injunction* provisional contra la corporación demandada ordenándole que se abstuviera de llevar a efecto sus acuerdos mientras el pleito de nulidad se resolvía, orden que se pondría en vigor si los demandantes prestaban una fianza por $10,000. La fianza fué prestada mancomunada y solidariamente por varias personas, siendo dos de ellas Enrique Castro y Federico Rubert, comprometiéndose a indemnizar a la corporación los daños y perjuicios que sufriera si se decidiera en definitiva que los demandantes no tenían derecho al *injunction*.

Habiendo sido citada la demandada el 26 de mayo del mismo año, a petición de los demandantes, para que mostrasen causa por la cual no debían ser castigados por la corte por desobediencia a la orden de *injunction*, la demandada presentó en este Tribunal Supremo un auto de *certiorari* y otro inhibitorio en dicho asunto, que fueron expedidos y resueltos en definitiva en 9 de noviembre siguiente anulando la orden de *injunction* preliminar decretada por la corte y los procedimientos subsiguientes porque los peticionarios del *injunction* no tenían derecho a la expedición de ese auto.

En vista de esa resolución la San Juan Racing & Sporting Club demandó a Enrique Castro y a Federico Rubert para que le pagasen la cantidad de $10,000 como indemnización por los daños que dicho auto le produjo, consistentes en los honorarios de su abogado en la representación y defensa de sus derechos en dicho *injunction* preliminar en la corte de distrito y en el auto de *certiorari* aquí en el Tribunal Supremo; y

en los gastos de la corporación en la tramitación y prosecu-
ción de su defensa en ambos procedimientos.

Se opusieron los demandados a esa reclamación y cele-
brado el juicio la corte de distrito dictó sentencia declarando
con lugar la demanda y condenando a los dos demandados a
pagar mancomunada y solidariamente a la corporación de-
mandante la cantidad de $2,500 y también en igual forma al
pago de las costas, gastos, desembolsos y honorarios de abo-
gado en este caso.

Contra ese fallo interpusieron los demandados el presente
recurso de apelación alegando cinco motivos de error, siendo
el primero de ellos por haber declarado la corte inferior sin
lugar la excepción previa opuesta a la demanda, fundada en
que no aduce hechos determinantes de causa de acción.

■ Como fundamentos de esa excepción previa, alegada
en la corte inferior y cuya resolución se dice ser errónea,
alegan los apelantes que la fianza ha debido transcribirse
íntegramente en la demanda. Esto lo hizo la apelada. Tam-
bién alega que los honorarios de abogado no pueden ser recla-
mados en una demanda de daños y perjuicios como la presente,
pero este tribunal ha resuelto lo contrario en los casos de
*Moreno* v. *Martínez,* 14 D.P.R. 383, y de *Quiñones* v. *The
American Rairoad Co. of Porto Rico,* 17 D.P.R. 267, habiendo
revocado en este último la sentencia apelada precisamente
para condenar al pago de cierta cantidad como indemnización
por honorarios del abogado de que tuvo que valerse la per-
sona restringida por el *injunction* para la defensa de sus
derechos.

■■ En el segundo motivo del recurso se dice que la
corte erró al admitir prueba oral del acuerdo que la deman-
dante tomó conviniendo con el letrado Sr. Feliú el pago de
sus honorarios y que este error se explica por sí mismo y
no hay necesidad de argumentarlo, bastando llamar nuestra
atención a la Ley de Evidencia.

No solamente dejan de argumentar ese alegado error los apelantes sino que tampoco citan la página de la transcripción de las pruebas, compuesta de 429 folios, donde ese incidente se encuentra, ni si se opusieron a esa prueba, por lo que podríamos prescindir de considerarlo. No obstante, diremos que no existió tal error porque el contrato sobre honorarios del Sr. Feliú fué oral y por tanto era admisible la evidencia impugnada.

Se funda el tercer error en haber sido declarada con lugar la demanda; pero este señalamiento en su fundamento es una repetición del aducido en primer término pues se insiste en que no se pueden conceder honorarios de abogado en una reclamación de daños y perjuicios por la obtención de un *injunction* que luego se declara improcedente, por lo que se sostiene que los apelantes no debieron ser condenados á pagar tales honorarios. Esa cuestión ya ha sido decidida anteriormente. No se hace referencia a la prueba, la que hemos examinado y sostiene la sentencia.

Como cuarto error se señala el de haber sido tomados como prueba y considerados como elementos de daños y perjuicios los expedientes de *certiorari* y de auto inhibitorio presentados en este Tribunal Supremo por la demandante en este caso, porque aun en el supuesto de que pudieran concederse honorarios de abogado cuando no han ocurrido daños propiamente dichos, sólo habría derecho a compensación por aquellos servicios que fueron estrictamente necesarios para obtener la disolución del *injunction* y que como no pueden concederse costas causadas en la apelación no pueden concederse por sus trabajos.

La indemnización por daños y perjuicios causados por un *injunction* indebidamente obtenido comprende también el de los honorarios de abogado que una parte ha tenido que utilizar en la defensa de sus derechos, y como la apelada ahora, demandada en el pleito en que se dictó el *injunction*

provisional, fué restringida de poner en vigor los acuerdos cuya nulidad fué solicitada, a pesar de haber expuesto sus razones en oposición a que se dictara dicho auto, y como se trató de castigarla por desacato, su mejor camino para conseguir que se dejara sin efecto el *injunction* y la orden para mostrar causa para no ser castigada por desacato fué el acudir a este Tribunal Supremo con los expresados procedimientos, como lo demostró la sentencia de este tribunal y por tanto eran admisibles como pruebas los mencionados expedientes como parte del trabajo del abogado para conseguir el resultado que obtuvo.

Es el último motivo de error por la condena de costas hecha en este caso.

Las personas que establecieron la demanda de nulidad y que obtuvieron el auto de *injunction,* sin derecho alguno para ello, según fué resuelto por este Tribunal Supremo, obtuvieron que el auto fuera puesto en vigor por la fianza prestada por los apelantes: esa petición y expedición del auto ha motivado que tuviera que defenderse de él la hoy apelada, empleando los servicios de un abogado que tuvo que trabajar fuertemente en defensa de los derechos de su cliente hasta que obtuvo éxito consiguiendo que el auto fuera anulado; cuando se cobran los daños sufridos por la parte perjudicada por el *injunction,* entonces se oponen al pago de lo que esos servicios valgan, conducta que realmente es temeraria, sin que pueda decirse, como lo hacen los apelantes, que existe una doble condena en costas pues la condena principal en este pleito es por indemnización de los perjuicios causados por el *injunction,* y la condena en costas es por haberse opuesto temerariamente los demandados a pagar la indemnización de los perjuicios.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.