RAFAEL BURGOS MACÍAS, demandante y apelado, *v.* JULIO ESTEVES, demandado y apelante.

No. 4317.—*Visto:* Marzo 30, 1928. *Resuelto:* Junio 22, 1928.

*Antonio L. López* y *Lucien Longchamps,* abogados del apelante; *R. Muñoz Ramos,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Rafael Burgos solicitó de la Corte de Distrito de Humacao la expedición de un auto de *injunction* dirigido contra Julio Esteves. La corte, considerando bastante la solicitud, fijó un día para que compareciera el demandado a exponer razones por virtud de las cuales no debía librarse un auto con carácter permanente y, previa prestación de fianza por quinientos dó-

lares, ordenó al demandado que se abstuviera de continuar ejecutando los actos de que se quejaba el demandante. La fianza fué prestada y aprobada por la corte.

En el día señalado comparecieron ambas partes. Se discutió primeramente una moción del demandado impugnando la suficiencia de la fianza que la corte declaró con lugar "dejando sin efecto el *injunction* preliminar expedido." Entonces "de acuerdo con estipulación de las partes, se entró en el fondo de la cuestión" practicándose la prueba aportada por las mismas. Algún tiempo después la corte dictó sentencia declarando sin lugar la petición. Firme la sentencia el demandado archivó su memorándum de costas ascendente a $260 que fué aprobado después de los trámites de ley. La partida de honorarios monta a $250. Expedido mandamiento para hacer efectivo el memorándum, el márshal lo devolvió manifestando que el demandante carecía de bienes.

Entonces el demandado pidió a la corte que de acuerdo con lo que disponen los arts. 307 al 312 del Código de Enjuiciamiento Civil y lo que determina la ley No. 27 de 13 de abril de 1916 y la jurisprudencia establecida en el caso de *Arbona Hnos.* v. *H. V. Christianson & Co.*, 26 D.P.R. 284, ordenara la citación de los fiadores a fin de que mostraran causa por qué no debía condenárseles al pago de las costas. La corte resolvió que habiendo sido dejada sin efecto la fianza, no procedía la citación de los fiadores que se solicitaba. Y contra esa resolución de la corte es que se ha interpuesto el presente recurso de apelación.

Estamos enteramente conformes con el apelante en que las costas comprendiendo honorarios de abogado pueden recobrarse como parte de los daños causados por la expedición indebida de un auto de *injunction* pudiendo dirigirse la acción contra el peticionario y sus fiadores, según ha resuelto esta corte en los casos de *Moreno* v. *Martínez*, 14 D.P.R. 383, *Quiñones* v. *The American Railroad Company of Porto Rico*,

17 D.P.R. 267 y *Sucn. Jiménez* v. *Cruz,* 31 D.P.R. 254, pero la situación aquí es distinta. En este caso la fianza se prestó con el único propósito de garantizar los daños y perjuicios que pudiera ocasionar el mandamiento provisional de *injunction.* Fué impugnada por el propio demandado. La impugnación se declaró con lugar y según las propias palabras de la corte el *injunction* preliminar expedido fué dejado sin efecto, conviniendo las partes en que continuara el procedimiento hasta ser resuelto como lo fué por el mérito de las alegaciones y las pruebas.

Aún en el caso de que no obstante haberse declarado insuficiente la fianza por ellos prestada pudiera exigirse a los fiadores alguna responsabilidad, esa responsabilidad estaría limitada a los daños y perjuicios ocasionados exclusivamente por el *injunction* preliminar. Las costas que aquí se reclaman son las del pleito en su totalidad y véase lo que dice la jurisprudencia sobre la materia tal como la resume Ruling Case Law y se transcribe en el caso de *Sucn. Jiménez* v. *Cruz et al.,* 31 D.P.R. 254, 255, citado por la propia parte apelante:

" 'Los honorarios que pueden recobrarse generalmente están limitados a aquellos que son necesarios al tratar de obtener la resolución de un *injunction,* quedando excluidos los servicios prestados al hacerse una defensa general sobre los méritos, así como también los honorarios por servicios suministrados al pretender obtener sin éxito la disolución de un *injunction.* Por tanto, si un demandado en vez de procurar disolver el *injunction* preliminar trata más bien de impedir la expedición de un *injunction* perpetuo, o encamina sus esfuerzos a hacer ineficaz la acción del demandante, el gasto incurrido por honorarios de abogado es un incidente en la acción y no puede recobrarse en concepto de daños y perjuicios originados por razón del *injunction.*' "

Debe declararse sin lugar el recurso y *confirmarse la resolución apelada.*