JORGE COLÓN MELÉNDEZ, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. R. A. GADEA PICÓ, JUEZ, demandada; EDUARDO RIVERA COLÓN, opositor.

Núm. 1538.—*Sometido:* Diciembre 6, 1943. *Resuelto:* Enero 12, 1944.

.*Ramón G. Goyco,* abogado del peticionario; *Leopoldo Rojas Flores,* abogado del opositor.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Eduardo Rivera Colón obtuvo un acto preliminar de *injunction* dirigido contra Jorge Colón Meléndez, ordenándole que se abstuviese de seguir cultivando cierta finca de la que el demandante alegaba ser dueño. El injunction preliminar fué decretado previa fianza por $500 en la cual se obligaron solidariamente el principal y los fiadores a resarcir al demandado de los daños y perjuicios que pudieran causarle con motivo del injunction en caso de resolverse en definitiva que el peticionario no tenía derecho a ese remedio. Posteriormente se dictó un injunction perpetuo, pero este Tribunal revocó la sentencia y anuló el auto de injunction. Una vez revocada la sentencia, el demandado, como un incidente del pleito de injunction, radicó una moción en la corte inferior titulada "Moción sobre Confiscación de Fianza". En dicha moción, luego de referirse a la fianza y de alegar que había sufrido daños por la cantidad de $622, solicitó se confiscase la fianza. Se opuso el demandante por el fundamento de que esa reclamación sólo podía hacerse mediante un pleito plenario de daños y perjuicios y no por moción, y la corte sostuvo la contención del demandante.

El título de la moción, así como algunas de sus alegaciones, parecen indicar que el demandado cree que por el solo hecho de alegar los daños sufridos tiene derecho a que la corte le conceda por vía de compensación el montante de 'a fianza, como si esta última hubiese sido prestada en un caso criminal. Conviene aclarar que el demandado sólo tiene de-

recho a la compensación de los daños realmente sufridos y en ningún caso la sentencia contra los fiadores podrá exceder del montante de la fianza.

No abrigamos duda alguna de que el demandado puede reclamar sus daños mediante un pleito plenario como resolvió la corte. Pero ello no implica que no pueda reclamarlos mediante moción como un incidente del pleito de injunction. Se ha resuelto por el Tribunal Supremo de los Estados Unidos que los fiadores en el pleito de injunction son cuasi partes y al prestar la fianza se someten a la jurisdicción del tribunal en relación con el pleito de injunction. *Babbitt* v. *Finn,* 101 U. S. 7, 15, citado con aprobación en *Pease* v. *Rathbun-Jones Eng. Co.,* 243 U. S. 273. Siempre que el principal y los fiadores sean debidamente notificados de la moción y tengan su día en corte, el procedimiento para recobrar los daños sufridos cumple con la cláusula del debido proceso de ley.

La cuestión que suscitó el demandante y sostuvo la corte inferior ha sido discutida repetidas veces por el Tribunal Supremo de los Estados Unidos en relación con procedimientos de injunction originados en las cortes federales. Como es sabido, hasta que las Reglas de Procedimiento en Casos Civiles fueron aprobadas por dicho Tribunal Supremo, en las cortes federales se mantuvo la separación de la jurisdicción de equidad de la ley. A pesar de esta separación, la constante jurisprudencia del Tribunal Supremo de Estados Unidos ha sostenido que dentro del injunction, que es una acción en equidad, el demandado puede reclamar los daños sufridos con motivo de dicho procedimiento a pesar de que este último es una acción en ley. Ha dicho el Tribunal que una vez que la corte de equidad adquiere jurisdicción sobre el caso principal, la tiene sobre sus incidentes aunque éstos sean de naturaleza legal y no de equidad. Se ha dicho también por el mismo Tribunal que es mejor práctica resolver la cuestión como un incidente del pleito de in-

junction, toda vez que el procedimiento es más rápido y menos costoso para las partes y que a ningún fin práctico conduciría obligarlas a recurrir a una acción separada de daños y perjuicios. *Russell* v. *Farley,* 105 U. S. 433, 444; *Pease* v. *Rathbun-Jones Eng. Co.,* supra, a la pág. 278; y el más reciente de *Commission* v. *Brashear Lines,* (1941) 312 U. S. 621, 629. Y si esto podía hacerse en una corte de equidad, con mucha más razón puede hacerse en nuestras cortes de distrito, donde no existe la división entre la ley y la equidad.

Los casos de este Tribunal citados por la corte inferior en apoyo de su resolución no están en conflicto con la regla que acabamos de exponer. El caso de *Quiñones* v. *The American Railroad Co. of P. R.,* 17 D.P.R. 267, uno de los citados por la corte inferior, contiene un *dictum* al asegurar que el procedimiento a seguir para hacer efectiva la fianza debe ser mediante un pleito de daños y perjuicios, y cita con aprobación un antiguo caso de California que así lo sostiene. Pero en dicho caso de *Quiñones* se trataba de una fianza en metálico depositada por la demandante en la corte inferior y por consiguiente no existían fiadores personales contra los cuales pudiese seguirse procedimiento alguno. Y el caso de *San Juan Racing and Sporting Club* v. *Castro,* 38 D.P.R. 335, sólo establece que el demandado en el caso de injunction que reclame los daños sufridos con motivo de dicho procedimiento, puede incluir en su reclamación lo que por concepto de honorarios de abogado hubiese tenido que pagar al defenderse del caso de injunction. En el mismo sentido que el anterior se pronuncian los casos de *Burgos Macías* v. *Esteves,* 38 D.P.R. 443, y *Sucesión Jiménez* v. *Cruz,* 31 D.P.R. 254. En el de *Serrallés* v. *Sauri,* 44 D.P.R. 402, tampoco se discute la cuestión aquí envuelta sino la de la clase de daños que pueden reclamarse contra el principal y los fiadores. Y por último, no vemos qué aplicación pueda tener a este caso lo resuelto en *Cintrón* v. *Insular, etc., y Balbaño,* 58 D.P.R. 821.

A nuestro juicio la corte inferior cometió error al denegar las pretensiones del demandado por el solo hecho de no haber recurrido a una acción de daños y perjuicios independiente del pleito principal de injunction.

*Por lo tanto, procede anular la orden recurrida y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Snyder no intervino.