SOCIEDAD DE GANANCIALES compuesta por PEDRO JUAN MURIENTE y OTRA, demandantes, *v.* SOCIEDAD DE GANANCIALES compuesta por JOSÉ BIASCOCHEA ESCOBAR y su esposa MARYVONNE MARTÍNEZ ANDINO y SOCIEDAD DE GANANCIALES compuesta por PABLO MIGUEL RUBIO SEXTO y su esposa LISSETTE RIVERA, demandadas; recurrente la primera sociedad y recurrida la segunda.

*Número:* R-79-289      *Resuelto:* 29 de noviembre de 1979

280

*Álvaro Toro Solís*, abogado de la recurrente; *Pedro M. González Sánchez*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Plantea el presente recurso si puede un deudor solidario que ha pagado el balance de una deuda objeto de sentencias contra él y un codeudor solidario suyo, instar acción de reembolso contra dicho codeudor dentro del mismo pleito no obstante haber transcurrido más de seis meses desde que se dictaron y advinieron firmes las sentencias. Dicho de otro modo, se plantea si la acción de reembolso puede ser instada dentro del pleito en que se determina la responsabilidad solidaria de los demandados si hubiesen transcurrido más de seis meses desde que fuere firme la sentencia que hiciera tal determinación. Resolvemos en la afirmativa. No es preciso instar la acción de reembolso en pleito independiente.

Exponemos a continuación los hechos. La señora Jenny Sexto de García y la sociedad legal de gananciales compuesta

por Pedro Juan Muriente y su esposa, demandaron a las sociedades legales de gananciales compuestas por José Biascochea Escobar y su esposa y Pablo Miguel Rubio Sexto y esposa, en cobro de $35,000.00 de principal, intereses al 8% anual y $3,500.00 para honorarios de abogado y costas, cantidades especificadas en un pagaré al portador, ya vencido, del que eran tenedores los demandantes. Los integrantes de las sociedades de gananciales demandadas habían suscrito el pagaré como deudores solidarios. Para garantizar su pago cada sociedad de gananciales constituyó hipoteca sobre sendos solares pertenecientes a cada una. Emplazados que fueron los demandados, comparecieron por separado y a base de su aceptación de lo alegado en la demanda se dictaron sentencias parciales el 3 de junio de 1975 y el 6 de noviembre de 1975 en que se declaró con lugar la demanda y se condenó, respectivamente, a la sociedad de gananciales Rubio Sexto y a la sociedad de gananciales Biascochea Escobar a pagar solidariamente a los demandantes las sumas reclamadas.

En procedimiento sobre ejecución de dichas sentencias se vendieron en subasta pública los dos inmuebles hipotecados cada uno por $15,000.00, siendo adjudicados a la sociedad de gananciales demandante[1] por un total de $30,000.00. Dicha adjudicación se efectuó el 14 de junio de 1976. El 29 de septiembre de 1977 la sociedad de gananciales Biascochea consignó en el tribunal el balance adeudado, que con sus intereses acumulados hasta esa fecha ascendió a $17,252.10. Cerca de un mes más tarde, el 27 de octubre, la sociedad Biascochea presentó moción al tribunal en que solicitó sentencia a su favor contra la sociedad de gananciales Rubio, reclamándoles por concepto de contribución la cantidad de $8,626.15, que es la mitad de lo pagado por la primera. Fue notificada la sociedad Rubio. Ésta se opuso a lo pedido por la sociedad Biascochea, hubo una vista, y el 26 de junio de 1978

[1]La demandante Jenny Sexto de García les había hecho cesión de su parte en el crédito.

el tribunal dictó sentencia en que concedió lo solicitado por la sociedad Biascochea. La sociedad Rubio solicitó reconsideración, se señaló vista y finalmente se dictó resolución el 5 de julio de 1979 en que se dejó sin efecto la sentencia de 26 de junio de 1978. Entendió el tribunal que por haber transcurrido más de seis meses desde sus sentencias en que declaró con lugar la demanda original, carecía de jurisdicción para entender en la reclamación de la sociedad Biascochea contra su codeudora solidaria, reclamación que desestimó sin perjuicio de que la sociedad Biascochea instara acción en otro procedimiento.

La sociedad Biascochea nos ha solicitado que revisemos dicha resolución. La parte recurrida—sociedad Rubio—ha comparecido a oponerse. Estamos en condiciones de resolver el caso sin más trámites, conforme lo autoriza la Regla 50 de nuestro Reglamento.

Antes de considerar el planteamiento central conviene hacer breve exégesis sobre el derecho de contribución, dentro de cuyo ejercicio se ubica este caso. El derecho de contribución, también llamado de nivelación, de reembolso, y de regreso, entre codeudores solidarios, está reconocido en el Art. 1098 del Código Civil, 31 L.P.R.A. sec. 3109, que dispone:

"El pago hecho por uno de los deudores solidarios extingue la obligación.

El que hizo el pago sólo puede reclamar de sus codeudores la parte que a cada uno corresponda, con los intereses del anticipo.

La falta de cumplimiento de la obligación por insolvencia del deudor solidario será suplida por sus codeudores a prorrata de la deuda de cada uno."

■ Se refiere este artículo al caso de la solidaridad *pasiva* así denominada cuando, como aquí, hay pluralidad de deudores solidarios frente a un solo acreedor.([2]) Todos los

---

([2])Los comentaristas del Código Civil distinguen tres posibles casos de solidaridad, a saber, cuando hay pluralidad de acreedores solidarios (solidaridad activa), pluralidad de deudores solidarios (solidaridad pasiva) y el caso menos frecuente de pluralidad de acreedores solidarios y de deudores solidarios frente a

deudores están obligados, cada uno, a pagar la totalidad de lo adeudado al acreedor, quien se encuentra garantizado por la responsabilidad total que alcanza a cada deudor.[3] La prestación de cada deudor es una sola: la totalidad de lo adeudado,[4] y el acreedor tiene, frente a cada deudor, un *"derecho de elección,* pudiendo dirigirse contra cualquiera de los deudores solidarios, o contra todos ellos simultáneamente".[5] Y añade el Art. 1097 del Código Civil: "Las reclamaciones entabladas contra uno no serán obstáculo para las que posteriormente se dirijan contra los demás, mientras no resulte cobrada la deuda por completo." Tal es la relación externa entre los deudores solidarios y el acreedor.

Como hemos señalado, el pago por la sociedad Biascochea Escobar del balance adeudado e intereses acumulados se efectuó luego de haber transcurrido más de un año desde que se dictaran las sentencias contra cada sociedad de gananciales como deudora solidaria de lo reclamado. Fue entonces cuando surgió para la sociedad Biascochea Escobar el derecho de nivelación. *Security Ins. Co.* v. *Tribunal Superior,* 101 D.P.R. 191, 198 (1973); *García* v. *Gobierno de la Capital,* 72 D.P.R. 138 (1951).

▪ La sociedad Biascochea Escobar pudo ejercitar su acción de nivelación contra la sociedad Rubio Sexto mediante la interposición de una demanda en pleito separado. No estaba impedida, sin embargo, de formular su reclamación dentro del mismo pleito de cobro de dinero no empece el tiempo transcurrido desde que se dictaron las sentencias. Si

---

una misma obligación (solidaridad mixta). Véanse, Albaladejo, *Curso de Derecho Civil Español,* ed. 1977, T. II, pág. 51; Puig Brutau, *Fundamentos de Derecho Civil,* ed. 1976, T. I, Vol. II, pág. 162 ss.; Puig Peña, *Compendio de Derecho Civil Español,* ed. 1976, T. III, pág. 81; Vázquez Bote, *Derecho Civil de Puerto Rico,* ed. 1973, T. III, Vol. I, págs. 155–161.

[3]Albaladejo, *op. cit.,* pág. 53.

[4]Véase Puig Brutau, *op. cit.,* pág. 167; Puig Peña, *op. cit.,* pág. 81.

[5]Vázquez Bote, *op. cit.,* págs. 157–158; Art. 1097 Código Civil, 31 L.P.R.A. sec. 3108.

bien dicho pleito había concluido en lo que respecta a la demanda de los acreedores, el tribunal tenía jurisdicción sobre las partes y nada le impedía conocer, como lo hizo en un principio, de la acción de nivelación instada por Biascochea Escobar. Su actuación de entonces estaba más a tono con el principio de economía procesal anticipada por este Tribunal en *Colón* v. *Corte*, 62 D.P.R. 749 (1944) y que es pauta señalada por la número uno de las Reglas de Procedimiento Civil entonces vigentes, recogida también en la número uno de las Reglas de Procedimiento Civil adoptadas por este Tribunal el 9 de febrero de 1979 y en vigor desde el 20 de agosto de este año. *Cf. Rodón* v. *Fernández Franco*, 105 D.P.R. 368 (1976). ¿Por qué instar un pleito independiente, con el consiguiente trámite de emplazamiento y costos propios de tal acción, cuando las partes están presentes en el caso ante el tribunal y basta una mera notificación al abogado del codeudor solidario para que dicha parte tenga suficiente aviso y, como aquí lo hizo, comparezca a defenderse?

■ El Art. 307 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1331, en vigor al instarse la acción de nivelación, permitía que al obtenerse sentencia contra uno o más entre varios deudores solidarios, se hiciere comparecer a los que no hubieren sido parte en el pleito, para que mostraren causa por la cual no habrían de estar obligados por la sentencia "de igual modo que si hubiesen sido citados desde un principio." Es decir, que mediante simple citación a un codeudor solidario que no hubiese sido demandado se le podía hacer comparecer, después de sentencia, para que demostrara por qué no debía estar obligado por ella. Con más razón puede exigirse reembolso, luego de sentencia y dentro del mismo pleito, a un deudor solidario que desde un principio ha sido parte y está bajo la jurisdicción del tribunal. Es de notarse que las nuevas Reglas de Procedimiento Civil adoptan en la 51.7 ese procedimiento del citado Art. 307 y, en consonancia con el principio de rapidez y economía, dicha Regla 51.7

establece específicamente que para ello: "No será necesario entablar nueva demanda."(6)

El tribunal de instancia invocó, para dejar sin efecto su sentencia de 26 de junio de 1978, lo resuelto en *García López* v. *Méndez García,* 102 D.P.R. 383, 393 (1974), a los efectos de que no se puede alterar *nunc pro tunc* una sentencia que es final y firme. Dicho caso es inaplicable a la situación aquí presente. No se trata aquí de alterar las sentencias finales y firmes de 3 de junio y 6 de noviembre de 1975 en que se declaró con lugar la demanda contra los deudores solidarios. Dichas sentencias en nada han de ser afectadas por la acción de nivelación entre los codeudores solidarios.

■ No puede invocarse tampoco la Regla 49.2 de Procedimiento Civil, que es la que fija un plazo de seis meses para "relevar a una parte o a su representante legal de una sentencia, orden o procedimiento", según el lenguaje de la citada Regla en su primer párrafo. Aquí no trata de relevar a parte alguna de cumplir las sentencias dictadas en 1975. Se trata más bien de obligar a una parte a pagar lo que le corresponda por su condición de deudora solidaria, según determinado por dichas sentencias.

■ En resumen, el codeudor solidario que por haber

---

(6)La citada Regla 51.7 dice:

"Cuando se obtiene una sentencia contra uno o más entre varios deudores solidariamente responsables de una obligación, aquellos deudores que no fueren partes en la acción, podrán ser citados para que comparezcan a mostrar por qué causa no han de estar obligados por la sentencia de igual modo que si hubieren sido demandados desde un principio. La citación, conforme lo dispuesto en esta regla, deberá relacionar la sentencia, y requerir a la persona citada para que comparezca determinado día y hora a mostrar causa de por qué no ha de estar obligada por dicha sentencia. No será necesario entablar nueva demanda. La citación deberá acompañarse de una declaración escrita y jurada del demandante, su agente, representante o abogado, manifestando que la sentencia o parte de ella, permanece incumplimentada y expresando además, la cantidad que a cuenta de la misma se debiere.

Hecha la citación, el deudor citado deberá comparecer en la fecha que se indica en la citación, y en dicha vista podrá aducir cualquier defensa de hecho y de derecho para eximirle de responsabilidad. Las cuestiones así planteadas podrán substanciarse como en los demás casos."

pagado en exceso de lo que le corresponda a base de la relación interna entre codeudores solidarios, tenga derecho a ejercitar la acción de nivelación, tiene la opción de hacerlo mediante un pleito independiente o dentro del pleito en que se dictara la sentencia en que se hubiere determinado la solidaridad de la obligación. En el presente caso, en pos de la rapidez y economía procesal, convenía hacerlo dentro del pleito y no por demanda en pleito independiente. La finalidad de las sentencias en que se determinó la solidaridad de la obligación y el tiempo transcurrido no privaron al tribunal de instancia de jurisdicción para entender en el asunto.

*Se expedirá el auto de revisión solicitado y se revocará la resolución que dejó sin efecto la sentencia de 26 de junio de 1978, la cual quedará en todo vigor.*

El Juez Asociado Señor Díaz Cruz disiente con opinión. El Juez Asociado Señor Negrón García no intervino.

—O—

Voto disidente del Juez Asociado Señor Díaz Cruz.

San Juan, Puerto Rico, a 29 de noviembre de 1979

La ejercitada por la sociedad de gananciales Biascochea contra su codeudora solidaria sociedad conyugal Rubio para recuperar de ésta la mitad del balance adeudado postsubasta que era de $17,252.10, es reclamación o causa de acción extraña por completo al pleito en que ambas sociedades fueron demandadas por sus acreedores comunes. El derecho a contribución nació el 29 septiembre, 1977 fecha en que Biascochea pagó dicho balance de sentencia. Habían transcurrido cerca de dos años desde que recayó sentencia firme y más de un año desde que se adjudicó la propiedad hipotecada a los acreedores en subasta judicial. Las partes demandantes originales, o sea, los acreedores ya pagados y satisfechos, nada tienen que ver con la acción de sus *anteriores* deudores entre sí para distribuirse el citado balance. Luego, no hay adelanto ni conveniencia procesal en la pretensión de

Biascochea de litigar su derecho de nivelación mediante moción en el pleito terminado, en vez de iniciar acción civil aparte. Lo único que se percibe es la pérdida para el Erario[1] de los derechos de arancel exigidos por radicación y emplazamiento, y posiblemente hasta el impuesto forense. El atrecho no está autorizado por ninguna de las Reglas y es de cuestionable solvencia en términos del debido proceso de ley.

La demorada acción del fiador está fuera del cauce del Art. 307 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1331, hoy Regla 51.7 (1979), que regula los procedimientos en sentencia contra deudores solidarios *"que no fueren parte en la acción"* frente a su acreedor demandante que ha obtenido sentencia. Biascochea no ha obtenido sentencia alguna contra los Rubio quienes tampoco son sus deudores solidarios, sino copartícipes en responsabilidad que alegadamente no han resarcido a su codeudor, y demandados en nivelación a quienes no puede negárseles a priori un juicio plenario.

La acumulación de reclamaciones, que es la propuesta de Biascochea, se da en la acción civil viva y militante. Regla 14.1 (1979). No procede la acumulación o consolidación de acciones cuando una de ellas está extinta por sentencia final y firme. Si hay algo más nocivo a la solución justa, rápida y económica que la "vida eterna"[2] que al parecer disfrutan algunos expedientes judiciales, lo es la *resurrección* del expediente con la infusión de reclamación extraña y desprovista de contemporaneidad con el tiempo en que el pleito tuvo su curso. En nombre de la "economía procesal" se recomienda esta rara e impermisible acumulación de reclamaciones. La economía en derechos de arancel y en debido proceso de ley que persigue el recurrente no cabe en el concepto de la primera Regla de Procedimiento Civil.

---

[1] A través del tiempo los contribuyentes han agotado su fecunda imaginación y argucia frente a la gestión impositiva del Estado.

[2] *Madera Meléndez* v. *Negrón*, 103 D.P.R. 749 (1975).

No es ésta la situación de *Colón* v. *Corte*, 62 D.P.R. 749, 751 (1944), en la que resolvimos admitir vía moción en el pleito principal de *injunction* la reclamación de daños y perjuicios del demandado contra la fianza prestada por el demandante, tan pronto el auto preliminar fue anulado mediante *certiorari* expedido por este Tribunal. En *Colón*, supra, no hubo interrupción en la secuencia litigiosa toda vez que la reclamación de daños se consideró *incidente* del pleito que tomó la forma de una "moción sobre confiscación de fianza" equivalente a reconvención del demandado contra el peticionario en *injunction*. La existencia de un mismo curso procesal ininterrumpido y la reclamación de daños una vez disuelto en apelación el *injunction* preliminar y tan pronto el caso fue devuelto por este Tribunal a instancia para procedimientos consistentes, fue también razón de decidir en *Avalo* v. *Cacho*, 73 D.P.R. 286, 288 (1952), que siguió a *Colón*, supra. Tanto en uno como en otro de los citados precedentes de jurisprudencia, persistía la contienda judicial entre las partes originales, y se mantenía la jurisdicción del tribunal sobre ellas. Había un pleito en que estaba en orden la continuación de procedimientos. En el caso que nos ocupa ahora la acción civil principal llegó a su etapa final con la realización en subasta pública de la propiedad de las demandadas, hacía ya más de un año. Los "incidentes" surgen o se promueven en el pleito que existe, no en el que ha finalizado. Es aún más significativo, que la reclamación que se pretende introducir en la acción civil terminada se refiere a una relación económica privada entre codeudores, extraña y ajena por completo a la parte demandante que promovió el pleito original.

El cofiador demandado en contribución, que es derecho substantivo y no procesal (*García* v. *Gobierno de la Capital*, 72 D.P.R. 138, 146 (1951)) enraizado en los Arts. 1098 y 1743 del Código Civil, tiene como todo demandado, derecho a oponer y sustanciar su defensa a la reclamación del cofiador que le demanda. Cabe la posibilidad de que ya él haya resarcido al fiador que pagó, o que exista entre ellos compen-

sación de pagos que excluye toda reclamación. La alegación del demandante no puede ser aceptada sin más por el tribunal porque siendo la demanda de nivelación vulnerable a una legítima defensa del demandado, no pueden negarse a éste los recursos procesales de descubrimiento de pruebas, reconvención, fraude y todos los demás que al demandado proveen las Reglas de Procedimiento Civil. ¿En qué abrevia entonces el procedimiento revivir el pleito finiquitado para iniciar el discurso procesal pleno y completo que el debido proceso de ley garantiza al demandado en nivelación?

En un procedimiento civil cuya agilidad está predicada en términos definidos y abreviados para los distintos recursos (6 meses para relevo de sentencia, para desestimar por inacción y diligenciar el emplazamiento, 30 días para recurrir en revisión o apelación, 60 días para descubrimiento y otros numerosos más cortos) el tribunal inyecta hoy la moción de restitución entre fiadores solidarios sin término fijo, con virtualidad de conferir jurisdicción a la sala de instancia sobre una parte demandada que no ha sido emplazada. La jurisdicción sobre las partes después de sentencia final y firme se retiene por afirmación del tribunal o ministerio de ley cuando la cuestión litigiosa adjudicada necesita ulterior implementación o seguimiento que garantice el cumplimiento de lo ordenado. No nos confrontamos con tal situación en el presente caso. No veo cómo la reinstalación del pleito propicie la acción del demandante en contribución y la defensa de su demandado, que no sea eximiéndolos a ambos del pago de derechos de arancel que conlleva toda acción civil, desplazando en el calendario contencioso a otros litigantes que sí han satisfecho el arancel.

Sobre los fundamentos aquí expresados descansa mi criterio de que no procede la expedición de auto de revisión, a cuya solicitud proveería, no ha lugar.