Cordero, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se nos solicita la revisión de una resolución y sentencia parcial dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicha sentencia el tribunal a quo reconoció la existencia de una causa de acción de cobro de dinero bajo el Artículo 1098 del Código Civil, 31 L.P.R.A. see. 3109, y declaró sin lugar la moción de desestimación presentada por los aquí peticionarios contra el demandante-recurrido, Sr. Enrique Vázquez García. Procede confirmar la sentencia parcial recurrida.
El 23 de abril dé 1964 se incorporó la corporación Freico Inc., al amparo de la Ley de Corporaciones de Puerto Rico, 14 L.P.R.A. sec. 1101. De dicha corporación, el Sr. Evaristo Freiría Umpierre era el Presidente, Gerente General y dueño del 75% de las acciones. El demandante-recurrido, Sr. Vázquez García, era el Gerente de Producción de Freico, Inc., y dueño del restante 25% de las acciones.
El 30 de mayo de 1980 la corporación radicó una petición de quiebras al amparo del Capítulo 11 del Código de Quiebras. La orden de descargo contra dicha corporación se emitió el 21 de noviembre de 1986, al amparo *834 del Capítulo 7 del referido Código.
La Corporación Freico, Inc., adeudaba al Servicio de Rentas Internas Federal contribuciones por concepto de seguro social ascendentes a $85,839.63. Como las deudas contributivas no formaron parte de la condonación bajo la petición de quiebras la agencia federal inició gestiones de cobro.
El Sr. Evaristo Freiría Umpierre, accionista mayoritario de Freico, Inc., murió intestado el 2 de enero de 1989. Como consecuencia de ello las gestiones de cobro de la deuda contributiva fueron realizadas contra el demandante-recurrido, Sr. Vázquez García, viéndose éste obligado a pagar, el 4 de diciembre de 1991, la suma de $85,839.63, equivalente al 100% de la referida deuda.
Posteriormente, el Sr. Vázquez García inició gestiones de cobro contra la sucesión del Sr. Evaristo Freiría pero las mismas resultaron infructuosas, por lo que el 19 de marzo de 1993 aquél presentó demanda sobre cobro de dinero contra la sucesión del accionista mayoritario de la corporación. El demandante-recurrido reclamó que la deuda contributiva era una obligación solidaria, y que en vista de ello le asistía el derecho de contribución o nivelación reconocido en el Artículo 1098 del Código Civil, 31 L.P.R.A. see. 3109.
El 9 de marzo de 1994 los demandados-peticionarios presentaron Moción Solicitando la Desestimación de la demanda bajo la Regla 10.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R.10.3. Adujeron como fundamentos en su solicitud:

"(]) que la penalidad, impuesta por el Código de Rentas Internas Federal, 26 U.S.C.A. see. 6672, no establece la existencia del derecho de contribución o nivelación; y (2) que la penalidad impuesta por la mencionada sección 6672 recae únicamente sobre los actores de la conducta prohibida y no sobre su sucesión."

El Tribunal de Primera Instancia, luego de examinar los escritos en oposición a la desestimación, declaró sin lugar la Solicitud de Desestimación presentada por los demandados-peticionarios. Mediante sentencia parcial el tribunal a quo resolvió que como resultado del pago que Vázquez García efectuó al Servicio de Rentas Internas Federal por la deuda contributiva de la Corporación Freico, Inc., él tenía una causa de acción de nivelación contra el Sr. Evaristo Freiría Umpierre, al amparo del Artículo 1098 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3109. El Tribunal de Primera Instancia concluyó además, que como consecuencia del fallecimiento del Sr. Freiría Umpierre y en virtud de lo establecido en el Artículo 610 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 2092, las obligaciones del causante pasaron a su sucesión, quienes a su vez nunca alegaron haber aceptado la herencia a beneficio de inventario.
Inconformes con la resolución y sentencia parcial emitida por el tribunal de instancia, los demandados-peticionarios han presentado un recurso de certiorari ante este Tribunal en el cual le imputan al foro a quo la comisión de los siguientes errores:

"ERRO EL TRIBUNAL DE INSTANCIA AL RECONOCER UNA CAUSA DE ACCION DE CONTRIBUCION BAJO LA SECCION 6672 DEL CODIGO DE RENTAS INTERNAS FEDERAL.

ERRO EL TRIBUNAL DE INSTANCIA AL RECONOCER UNA CAUSA DE ACCION DE CONTRIBUCION BAJO EL ARTICULO 1098 DEL CODIGO CIVIL DE PUERTO RICO."

n
Por considerarlo preferible comenzaremos con el segundo error y aclararemos cuál es el alcance de la sentencia parcial de la cual se recurre.
Es importante señalar que el tribunal a quo no reconoció la existencia de una causa de acción de contribución amparándose en la sección 6672 del Código de Rentas Internas Federal sino bajo el Artículo 1098 del Código Civil, 31 L.P.R.A. see. 3109, que dispone en lo aquí pertinente:

"El pago hecho por uno de los deudores solidarios extingue la obligación.

*835
El que hizo el pago sólo puede reclamar de sus co-deudores la parte que a cada uno corresponda, con los intereses del anticipo.

En vista de ello, para que exista el derecho de nivelación o contribución se requiere que la obligación extinguida por el pago efectuado por uno de los deudores sea solidaria. El Artículo 1090 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3101, no admite presunción de solidaridad al disponer que:

"La concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación, no implica que cada uno de aquellos tenga derecho a pedir ni cada uno de éstos deba prestar íntegramente las cosas objetos de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria."

En el caso que nos ocupa, el Sr. Evaristo Freiría Umpierre y el demandante tenían respectivamente el 75% y el 25% de las acciones de la corporación Freico Inc., incorporada bajo la Ley General de Corporaciones, Ley Núm. 3 de 9 de enero de 1956, según enmendada, 14 L.P.R.A. secs. 1101 et seq. Aunque, como regla general los accionistas no responden con sus bienes por las deudas u obligaciones de la corporación, ellos tienen una responsabilidad que estará "limitada al capital que éstos hayan aportado al patrimonio de la corporación." D.A.C.O. v. Alturas de Florida Development Corp., _ D.P.R. _ (1993), 93 J.T.S 33, a la pág. 10487.
Habiendo ocurrido la liquidación de la corporación bajo el procedimiento de quiebras, en noviembre de 1986, y habiendo el demandante efectuado el pago de la deuda contributiva en el año 1991, no podía demandarse a la corporación Freico, Inc., porque para esa fecha la corporación carecía de personalidad jurídica para ello. Sobre el particular dispone el Artículo 1006 de la Ley General de Corporaciones, Ley Núm. 3 de 9 de enero de 1956, 14 L.P.R.A. see. 2006:
"Toda corporación que se extinga por limitación propia o que de otro modo sea disuelta, continuará como cuerpo corporativo por un término de tres (3) años después de la extinción o disolución, a los efectos de llevar adelante los pleitos entablados por la corporación y proseguir con la defensa en los entablados contra ella, y a los efectos de liquidar y terminar el negocio, deshacerse de los bienes y traspasarlos, y dividir las acciones de capital; pero no podrá continuar la personalidad jurídica a los efectos de continuar el negocio para el cual hubiere sido establecida la corporación. Respecto de cualquier acción, pleito o procedimiento entablado o instituido por la corporación o contra ella antes de su extinción o disolución, y respecto de cualquier acción, pleito o procedimiento que se entablare por la corporación o contra ella dentro de los tres (3) años siguientes a la fecha de la extinción o disolución (únicamente a los efectos de tales acciones, pleitos o procedimientos que así se entablaren o instituyeren) continuará la entidad como cuerpo corporativo después del término de los tres (3) años, y hasta que se ejecuten totalmente cualesquiera sentencias, órdenes o decretos respecto de las acciones, pleitos o procedimientos dichos." (Enfasis nuestro.)
No obstante, en el caso que nos ocupa, el demandante-recurrido alegó en la demanda presentada ante el foro de instancia,"[q]ue los señores Evaristo Freiría Umpierre y Enrique Vázquez García eran deudores solidarios de dicha deuda contributiva." Por su parte, los demandados-peticionarios admitieron ese párrafo en su contestación a la demanda, presentada ante dicho foro el 8 de julio de 1993.
No vemos cómo, después de admitir que el demandante-recurrido y el causante eran deudores solidarios, la parte aquí peticionaria pueda sostener que la obligación no era solidaria y que al Sr. Vázquez García, no le asiste el derecho a nivelación al amparo del mencionado Artículo 1098 del Código Civil. El nacimiento de una causa de acción, derivada de la relación interna entre los co-deudores se ha reconocido como "de contribución, también llamado de nivelación, de reembolso y de regreso." Soc. de Gananciales v. Soc. de Gananciales, 109 D.P.R. 279, 282 (1979).
"En causas de demandados múltiples, los abogados deben ser extremadamente cuidadosos y específicos en cuanto al lenguaje de las posiciones adoptadas por sus respectivos representados y sus admisiones o defensas, particularmente en cuanto a hechos esenciales." Berrios v. U.P.R., 116 D.P.R. 88, 95 (1985); Briales Aldrich v. *836 Torres, 89 D.P.R. 815, 819 (1964).
Cuando existe solidaridad pasiva "[tjodos los deudores están obligados, cada uno, a pagar la totalidad de lo adeudado al acreedor, quien se encuentra garantizado por la responsabilidad total que alcanza a cada deudor. La prestación de cada deudor es una sola: la totalidad de lo adeudado, y el acreedor tiene, frente a cada deudor, un 'derecho de elección pudiendo dirigirse contra cualquiera de los deudores solidarios, o contra todos ellos simultáneamente'." Soc. de Gananciales v. Soc. de Gananciales, supra, a las págs. 282-283 (Enfasis en el original y notas omitidas.)
En el caso que nos ocupa, la deuda contributiva fue pagada íntegramente por uno de los deudores solidarios, quien ante el fallecimiento del Sr. Freiría Umpierre, instó acción de nivelación contra su sucesión.
Nuestro ordenamiento jurídico ha reconocido que "el co-deudor solidario que por haber pagado en exceso de lo que le corresponda a base de la relación interna entre co-deudores solidarios, tenga derecho a ejercitar la acción de nivelación, tiene la opción de hacerlo mediante un pleito independiente o dentro del pleito en que se dictara la sentencia en que se hubiere determinado la solidaridad de la obligación." Soc. de Gananciales v. Soc. de Gananciales, supra, a las págs. 285-286.
En cuanto a la relación interna existente entre los co-deudores, la parte peticionaria adoptó la alegación del demandante a los efectos de que el causante era dueño del 75% de las acciones de la corporación Freico, Inc., y el Sr. Vázquez García del restante 25%.
Si bien el pago realizado por el demandante, Sr.' Vázquez García, extinguió la deuda contributiva, que por razón de solidaridad tenían él y el causante, la muerte del Sr. Freiría Umpierre no extinguió su obligación para con el demandante-recurrido. Según lo establece el Artículo 1110 de nuestro Código Civil, 31 L.P.R.A. see. 3151:

"Las obligaciones se extinguen:

Por el pago o cumplimiento.

Por la pérdida de la cosa debida.

Por la condonación de la deuda.

Por la confusión de los derechos de acreedor y deudor.

Por la compensación.

Por la novación."

En caso de muerte del deudor nuestro ordenamiento jurídico dispone que "[l]os herederos suceden al difunto por el sólo hecho de su muerte, en todos sus derechos y obligaciones." Artículo 610 del Código Civil, 31 L.P.R.A. see. 2092. "El heredero es el continuador de los derechos y obligaciones del difunto, aunque el saldo neto sea negativo." E. González Tejera, Derecho Sucesorio Puertorriqueño, San Juan, 1983, Vol. I, pág. 144.
Aunque en el Derecho angloamericano el heredero nunca responde de las deudas del causante porque no es el continuador de los derechos y obligaciones del difunto, no ocurre lo mismo en nuestra tradición civilista. Id. "[L]a posición jurídica que ocupaba el causante se mantendrá en lo posible inalterable, a base de colocar en su lugar al heredero." J. Puig Brutau, Fundamentos de Derecho Civil, 2da ed., Barcelona, Ed. Bosch, 1975, T. V, Vol. 1, pág.ll.
El Artículo 957, 31 L.P.R.A. see. 2785, dispone:

*837
"Por la aceptación pura y simple, o sin beneficio de inventario, quedará el heredero responsable de todas las cargas de la herencia, no sólo con los bienes de ésta, sino también con los suyos propios.

Si bien la aceptación de una herencia es irrevocable, "[l]a no aceptación es una excepción que favorece a los herederos para que se les exima del cumplimiento de las obligaciones que suceden al difunto." Artículo 951. del Código Civil, 31 L.P.R.A. see. 2779; Cintrón García v. Srio. de Hacienda, 101 D.P.R. 635, 667 (1973)."
Los peticionarios de epígrafe no hicieron alegación alguna a los efectos de que hubiesen aceptado la herencia del causante, Sr. Evaristo Freiría Umpierre, a beneficio de inventario. Tampoco alegaron que hubiesen repudiado la misma. Más bien, sus argumentos van dirigidos a afirmar que como bajo la sección 6672 del Código de Rentas Internas Federal, 26 U.S.C.A. see. 6672, la penalidad establecida no se impone expresamente sobre la sucesión de los actores de la conducta prohibida, el demandante-recurrido no tiene causa de acción de reembolso contra los peticionarios. No tienen razón.
III
Como bien señalamos anteriormente, el Tribunal de Primera Instancia no reconoció la existencia de una causa de acción al amparo de la sección 6672 del Código de Rentas Internas Federal sino bajo el Artículo 1098 del Código Civil, 31 L.P.R.A. see. 3109. Sin embargo, consideramos necesario analizar su ámbito de aplicación por ser el estatuto del cual surge la deuda contributiva de la corporación Freico, Inc.
La sección 6672 del Código de Rentas Internas, 26 U.S.C.A. see. 6672, dispone en lo pertinente:

"see. 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax.

(a) General rule.-Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable."

Aun cuando bajo esta disposición no se reconoce la existencia del derecho de contribución cuando un deudor solidario realizó el pago de la deuda; en Swift v. Levesque, 614 P. Supp. 172, 173 (D. Conn. 1985) el tribunal concluyó:
"... there is no private federal right of contribution or indemnity under 26 U.S.C. 56672. (citas omitidas)... The statute serves as a collection device for the government, and not as a source of a cause of action between or among persons found to be 'responsible' parties. The statute does not, however, foreclose a right to contribution under state law."
En Schoot v. United States, 664 F. Supp. 293,298 (1987) el tribunal reafirmó la doctrina esbozada en Swift, y añadió:

"We believe that the Swift approach which allows a party to institute a separate action for indemnity or contribution after the IRS action is completed, is the better approach to take. Therefore, we find that although we lack subject matter jurisdiction to consider Schoot's cross-claim for indemnity or contribution at this juncture, he may assert any state claims, if any, in a separate proceeding subsequent to this proceeding."

En el caso que nos ocupa, el demandante-recurrido realizó el pago total de la deuda contributiva y posteriormente, al amparo de legislación estatal, inició una acción de cobro en un procedimiento separado y distinto.
El acreedor, que en este caso lo era el Gobierno Federal, tiene la opción de escoger a cuál de los deudores solidarios le exigirá el pago de la deuda. Sobre el particular el Tribunal sostuvo en Calderone v. United States, *838 799 F.2d 254, 258 (6th Cir. 1986):

"When the Government seeks satisfaction of the payroll tax liability vis-a-vis an assertion of 100-percent penalty assessments, it is entitled to "choose the liable parties from whom it will collect."

Concluimos que bajo la sección 6672 del Código de Rentas Federal, 26 U.S.C.A. see. 6672, no existe prohibición alguna para un deudor solidario, que luego de satisfacer el 100% de la deuda contributiva insta acción de reembolso al amparo de legislación estatal.
Coincidimos con la determinación del tribunal de instancia de declarar sin lugar la moción para desestimar presentada por los aquí peticionarios ante ese foro. Actuó correctamente el tribunal a quo al resolver que el demandante tenía una causa de acción de nivelación contra la sucesión de uno de los deudores solidarios de la obligación contributiva. "Una moción para desestimar no se interpreta liberalmente." Candal v. CT Radiology Office, Inc., 112 D.P.R. 227, 230 (1982). Una demanda "se interpretará de tal forma que únicamente se desestimará si el demandante no tiene derecho a ningún remedio bajo cualesquiera hechos que él pueda probar en juicio a base de lo que ha alegado en la demanda". Moa v. E.L.A., 100 D.P.R. 573, 586 (1972).
IV
Con estos antecedentes, se expide el auto solicitado y se confirma la resolución y sentencia parcial recurrida.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 13
1. Así consta en el párrafo trece (13) de la demanda. Véase Recurso de Certiorari, Apéndice 2, pág. 18.