*1055 TEXTO COMPLETO DE LA SENTENCIA
El presente Recurso de Apelación solicita la revisión de la Resolución emitida por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guaynabo, el 1 de mayo de 2000, cuya copia de su notificación fue archivada en autos el 4 de mayo de ese mismo año. Mediante dicha resolución, el tribunal de instancia declaró no ha lugar la "Moción de Desestimación" presentada por Protección Técnica Ecológica, Inc. (Proteco) en el Caso Civil Número D2CI 1997-0748, USA Forklift Services, Inc. v. Protección Técnica Ecológica y/o USA Waste of Puerto Rico.
Por los fundamentos que exponemos a continuación, MODIFICAMOS la Resolución del Tribunal de Primera Instancia y así MODIFICADA, la CONFIRMAMOS.
I
El 19 de noviembre de 1996, USA Forklift Services, Inc. (USA Forklift) le alquiló a Proteco, de mes a mes, una máquina conocida como "Forklift". Ambas partes pactaron un canon de arrendamiento mensual de $900.00. El mismo fue pagado por Proteco hasta el mes de mayo de 1997. En el mes de agosto de 1997, Proteco le notiflicó a USA Forklift que no le interesaba seguir con el arriendo del Forklift y les requirió a los últimos que lo recogieran en la Central Termoeléctrica de Palo Seco, en Cataño. Este era el lugar donde la máquina había sido originalmente entregada a Proteco.-
USA Forklift fue a recoger la máquina en el sitio indicado, sin embargo, no tuvo éxito yá que, la misma estaba en dicho lugar. Ante estas circunstancias, USA Forklift hizo gestiones de cobro y al no obtener pago alguno presentó demanda, el 10 de octubre de 1997, en cobro de dinero e incumplimiento de contrato contra *1056 Proteco y USA Waste Service of Puerto Rico, Inc. (USA Waste).
Luego de ciertos trámites procesales, el tribunal de instancia emitió sentencia en rebeldía contra Proteco y USA Waste, el 8 de junio de 1998. El 30 de junio de 1998, fue archivada en autos la copia de la notificación de dicha sentencia.
El tribunal de instancia determinó, como.un hecho probado, entre otras cosas, lo siguiente:

"Surge de la prueba presentada que se personó José Oyóla a recoger la máquina en el sitio indicado sin éxito, ya que la máquina no estaba en dicho lugar. La demandante hizo gestiones de cobro sin éxito y radica la acción que nos ocupa, el 10 de octubre de 1997.

También se desfiló prueba indicativa de que la máquina en cuestión tenía un valor en el mercado de $12,000.00 al momento en que se radicó la demanda.

También se desfiló prueba acreditando que PROTECO INC. fue adquirida por EC Waste Inc., una subsidiaria de Coquí Waste Disposal Inc. que a su vez pertenece a la co-demandada USA Waste Services Inc., la cual opera bajo la razón social de USA Waste Services de Puerto Rico".

A raíz de estas determinaciones de hechos, el tribunal de instancia declaró con lugar la demanda y condenó a la parte demandada a pagarle a.USA Forklift $2,700.00 por concepto de cánones de arrendamiento adeudados, $12,000.00 por la máquina en controversia no devuelta, más las costas, gastos y $500.00,de honorarios de abogado.
El 12 de noviembre de 1998, USA Waste presentó "Moción de Relevo de Sentencia" ante el tribunal de instancia. En dicha moción, USA Waste alegó ser una corporación distinta a la de Proteco y que, por tanto, no era responsable por los actos u omisiones de esta última. El foro apelado declaró sin lugar dicha moción mediante orden emitida el 18 de noviembre de 1998.
No obstante, USA Waste solicitó la revisión de la orden del 18 de noviembre de 1998 mediante "Solicitud de Certiorari", presentada ante este Tribunal, el 13 de enero de 1999. Mediante Resolución del 26 de febrero de 1999, archivada en autos el 15 de marzo de ese mismo año, denegamos la expedición del auto de certiorari solicitado. Por otro lado, USA Forklift embargó la cantidad de $16,720.00 de una cuenta de USA Waste en el Banco Santander, el 25 de octubre de 1999. El 8 de marzo de 2000, USA Waste presentó una "Demanda de Nivelación" para que Proteco le respondiera por la totalidad del pago a USA Forklift o, en la alternativa, que Proteco pagara la mitad de lo que USA Waste pagó a USA Forklift.
El 3 de abril de 2000, Proteco presentó una "Moción Solicitando Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil". En dicha moción, Proteco alegó que la sentencia original no designó a Proteco y a USA Waste como codeudores, ni como deudores solidarios.
El tribunal de instancia, mediante resolución emitida el 1 de mayo de 2000, y notificada el 4 de mayo de ese mismo año, ordenó la nivelación entre Proteco y USA Waste. El tribunal señaló que entre Proteco y USA Waste había surgido una solidaridad pasiva frente a USA Forklift a raíz de la sentencia en rebeldía emitida contra los dos primeros. Por tanto, añade el tribunal, dado que a USA Waste no le fue adjudicada negligencia alguna en dicha sentencia, procedía la acción de nivelación presentaba. En vista de lo anterior, el tribunal de instancia ordenó a Proteco pagar a USA Waste la totalidad de lo que, la última pagó a USA Forklift.
No conforme con la determinación de instancia, Proteco acude ante nos mediante recurso de apelación, el 2 de junio de 2000. En el mismo, alegó que erró el tribunal de instancia al no desestimar la demanda de nivelación y al ordenarle a Proteco que pagara la totalidad de lo pagado por USA Waste.
*1057 Luego de revisar la totalidad del expediente, estamos en posición de resolver.
n
La solidaridad es la pluridad subjetiva que en lugar de producir la división de la relación obligatoria en .créditos o deudas separadas, permite a uno sólo de los acreedores exigir el total del importe del crédito y obliga a cada uno de los deudores a pagar la totalidad de la deuda, D. Espín Cánovas, Manual de Derecho Civil Español, 2da. ed., Madrid, Ed. Rev. Der. Privado, 1961, Volumen III, páginas 121-122, según citado en Arroyo v. Hospital La Concepción, 130 D.P.R. 596, 6010 (1992).
En otras palabras, la obligación solidaria es aquélla en la que concurren varios acreedores (solidaridad activa) o varios deudores (solidaridad pasiva) o varios acreedores y al mismo tiempo varios deudores (solidaridad mixta), y en que cada acreedor tiene derecho a pedir y cada deudor tiene la obligación o deber de realizar, íntegramente, la prestación debida, J. Castán Tobeñas, Derecho Civil Español, común y foral, lOma. ed., Madrid, Ed. Reus, 1967, Título III, página 107, según citado en Arroyo v. Hospital La Concepción, supra.
La solidaridad está caracterizada, entre otras cosas, porque causa una relación jurídica extema entre la parte acreedora y la deudora y otra relación jurídica intema entre los distintos acreedores y distintos deudores entre sí. Torres Ortiz v. E.L.A., 94 J.T.S. 100, a las páginas 12151-12152.
Cuando existe solidaridad pasiva "[t]odos los deudores están obligados, cada uno, a pagar la totalidad de lo adeudado al acreedor, quien se encuentra garantizado por la responsabilidad total que alcanza a cada deudor. La prestación de cada deudor es una sola: la totalidad de lo adeudado, y el acreedor tiene, frente a cada deudor, un 'derecho de elección, pudiendo dirigirse contra cualquiera de los deudores solidarios, o contra todos ellos simultáneamente’." Soc. de Gananciales v. Soc. de Gananciales, 109 D.P.R. 279, 282-283 (1979). (Enfásis en el original y notas omitidas).
Sobre el particular el Artículo 1098 de nuestro Código Civil añade lo siguiente: "El pago hecho por uno de los deudores solidarios extingue la obligación. El que hizo el pago sólo puede reclamar de sus codeudores la parte que a cada uno corresponda, con los intereses del anticipo," 31 L.P.R.A. Sección 3 109.
El nacimiento de una causa de acción, derivada de la relación interna entre los codeudores, ha sido reconocido como "de contribución, también llamado de nivelación, de reembolso y de regreso." Soc. de Gananciales v. Soc. de Gananciales, supra, a la página 282. El derecho a contribución o nivelación entre co-deudores solidarios, surge cuando uno de ellos efectúa el pago. García v. Gobierno de la Capital, 72 D.P.R. 138, 146 (1951). El mismo está basado principalmente en la equidad. Id., a la página 149.
El Tribunal Supremo de Puerto Rico nos dice, al respecto, que una vez un deudor solidario realiza un pago en proporción mayor a la responsabilidad que le corresponde, surge a su haber un crédito a ser satisfecho mediante la acción de nivelación, que no es otra cosa que el derecho a reclamar la cuantía satisfecha en exceso de su responsabilidad objetiva. Ramos v. Caparra Dairy, Inc., 116 D.P.R. 60, 63-64 (1985). Ver, además, Security Ins. Co. v. Tribunal Superior, 101 D.P.R. 191, 198 (1973); García v. Gobierno de la Capital, supra, a las páginas 147-148.
Por otro lado, el Código Civil, en su Artículo 1098, 31 L.P.R.A. Sección 3 109, autoriza al deudor solidario que hubiera pagado la totalidad de una obligación a "reclamar de sus codeudores la parte que a cada uno corresponda, con los intereses del anticipo."
Nuestro ordenamiento jurídico ha reconocido que "el codeudor solidario que por haber pagado en exceso de lo que le corresponda a base de la relación interna entre codeudores solidarios, tenga derecho a ejercitar la acción de nivelación, tiene la opción de hacerlo mediante un pleito independiente o dentro del pleito en que se dictara la sentencia en que se hubiere determinado la solidaridad de la obligación." Soc. de Gananciales v. *1058 Soc. de Gananciales, supra, a las páginas 285-286.
III
En el caso de autos, el tribunal de instancia, mediante sentencia emitida el 8 de junio de 1998, condenó a las demandadas, Proteco y USA Waste, a pagarle cierta cantidad a USA Forklift. No conforme con la determinación del foro de instancia, USA Waste presentó una "Moción de Relevo de Sentecia". El foro de instancia declaró no ha lugar dicha moción y .señaló que en ese caso había sido emitida una sentencia en rebeldía en contra de USA Waste. Añadió, además, que obra en autos el emplazamiento diligenciado a esta última.
Posteriormente, este Tribunal confirmó la determinación de instancia y denegó la expedición del auto de certiorari solicitado por USA Waste. En la resolución emitida a esos efectos, este Tribunal estableció que los argumentos esbozados por USA Waste en la moción de relevo de sentencia eran unos de derecho que debió haber planteado en el transcurso del pleito instado en su contra. El tribunal de instancia aclaró que USA Waste tuvo la oportunidad de comparecer al mismo; sin embargo, -optó por no hacerlo, a pesar de haber sido emplazada adecuadamente.
A la luz de los hechos, así como de la doctrina y jurisprudencia antes señalada, USA Forklift tenía la potestad para cobrar de uno de los dos demandados. Entre ambos deudores, como bien estableció el tribunal de instancia, existía una solidaridad pasiva en virtud de la sentencia que recayó en su contra. Por tanto, éstos eran responsables solidariamente frente a USA Forklift por la suma total concedida por el tribunal de instancia. En este caso, USA Forklift decidió embargar los fondos de una cuenta de USA Waste en el Banco Santander y, de esa manera, cobró la totalidad de la sentencia que obtuvo a su favor. USA Waste, por su parte, al pagar la totalidad de lo adeudado, tenía derecho a presentar, como lo hizo, una acción de nivelación para recobrar de Proteco lo pagado en exceso.
En este caso, el foro de instancia no designó que por ciento del pago de la sentencia le correspondería a cada uno de los demandados. La sentencia que originó la posterior acción de nivelación fue emitida en rebeldía, por lo que no fueron levantados durante el pleito argumentos sobre el por ciento de responsabilidad, si alguna, que recaería sobre cada uno de los demandados.
El Artículo 1091 del Código Civil 31, L.P.R.A. Sección 3102, establece que:
“Si del texto de las obligaciones a que se refiere la Sección 3101 de este título, no resulta otra cosa, el crédito o la deuda se presumirá divididos en tantas partes como acreedores o deudores haya, reputándose créditos o deudas distintos unos de otros. ” Vease, Arroyo v. Hospital La Concepción, supra, página 601.
Ante esta situación, el por ciento de responsabilidad de cada uno de los deudores, en el caso ante nos, asciende a un 50%.
IV
A la luz de lo antes expuesto, MODIFICAMOS la determinación del foro de instancia y determinamos que USA Waste tiene derecho a recobrar de Proteco el 50% de lo que la primera pagó a USA Forklift.
Lo acordó y manda el Tribunal y lo certifica lalSubsecretaria General.
Gladys E. Ortega Ramírez
Subsecretaría General