# United States Court of Appeals
## For the First Circuit

No. 16-1886

JOSÉ A. MEJÍAS-AGUAYO; RAMON LUIS MEJÍAS-NIEVES; JOSÉ ANTONIO
MEJÍAS-NIEVES,

Plaintiffs, Appellants,

v.

JUAN DORESTE-RODRÍGUEZ; UNIVERSAL INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Marcos E. López, Magistrate Judge]

Before

Howard, Chief Judge.
Lipez and Barron, Circuit Judges.

José Luis Ubarri, Esq., David W. Román, Esq., and Ubarri &
Román Law Office on brief for appellants.
José Hector Vivas, Pedro Jamie Lopez-Bergollo, José M.
Martinez Chevres, Vivas & Vivas, and Andreu & Sagardia on brief
for appellees.

July 12, 2017

**HOWARD**, **Chief Judge**.  Following an unfortunate car accident, injured pedestrian José Mejías-Aguayo filed a negligence action against the vehicle's driver Juan Doreste-Rodríguez and Doreste's insurance company Universal Insurance Company ("Universal").  After a four-day jury trial, the jury returned a verdict in favor of the defendants.  Mejías then filed a motion for a new trial, which the district court denied.[1]  Mejías now appeals this denial, maintaining that the verdict was against the weight of the evidence and that certain statements by defense counsel and erroneous jury instructions warrant a new trial. Finding insufficient merit to his challenges, we affirm.

**I.**

In January 2013, Mejías was on his way to a Banco Popular branch in Isabela, Puerto Rico.  As he crossed Agustín Ramos Calero Avenue, a two-way street -- though not, he concedes, at a designated crosswalk -- Doreste's car struck him, and he suffered significant injuries.  Mejías subsequently filed a state-law negligence action in federal district court, invoking diversity jurisdiction.

At trial, Mejías testified that he was hit "just as he lifted his foot to step onto the sidewalk" leading to the bank.

---

[1]    The parties consented to the conduct of all proceedings in the case by a magistrate judge, whose decision we therefore review directly.  See 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Miguel Arroyo, Mejías's witness at trial, testified that at the time of the accident he was parked at a nearby stop sign, and saw Mejías's body fly about two feet into the air and land four to five feet from the front bumper of Doreste's car. Photographs taken by the insurance company showed damage to the front passenger-side bumper.

Doreste, by contrast, maintained that the accident occurred not near the sidewalk, but closer to the center of the road. Doreste testified that, as he was driving, Mejías -- initially shielded from view by a large SUV driving in the opposite direction -- suddenly appeared in front of his vehicle. Doreste immediately applied the brakes, but nevertheless struck Mejías. Doreste testified that he was not on the phone, had not been drinking, and obeyed all traffic laws. He also asserted that the damage to the passenger-side front bumper of his car, indicated in the insurance company photo, was the result of an earlier accident, and that it was actually the middle of his front bumper that struck Mejías, closer to the driver's side.

The jury returned a verdict in favor of Doreste, finding that Mejías failed to prove by a preponderance of the evidence that Doreste was negligent in his driving and that his negligence proximately caused damage to Mejías. The court entered judgment consistent with the verdict. Mejías filed a motion for a new

- 3 -

trial, which the district court denied.  This timely appeal of that denial followed.

## II.

A trial court may, on motion, grant a new trial in limited circumstances.  See Fed. R. Civ. P. 59(a)(1).  "A new trial may be warranted if 'the verdict is against the weight of the evidence' or if 'the action is required in order to prevent injustice.'"  Jones ex rel. U.S. v. Mass. Gen. Hosp., 780 F.3d 479, 492 (1st Cir. 2015) (quoting Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009)).  We review a district court's denial of a motion for a new trial for abuse of discretion.  Id.

On appeal, Mejías repeats the arguments set forth in his motion for a new trial before the district court, arguing that: 1) the verdict was against the weight of the evidence; 2) defense counsel made improper comments at closing argument that were not remedied by the court's curative instruction; and 3) the jury instructions were incomplete.[2]  We address each argument in turn.

---

[2]    On appeal, Mejías also contends that the verdict form misled the jury into thinking that there could be only one proximate cause under Puerto Rico negligence law -- that is, that any negligence attributed to Mejías would preclude attributing negligence to Doreste.  However, he fails to direct us to any language in the verdict form that would suggest as much.  Accordingly, his claim is waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

## A. Verdict Against the Weight of the Evidence

Mejías first argues that the trial evidence established that Doreste was negligent. In doing so, he points to Doreste's own testimony as proving uncontroverted facts that the jury wrongfully disregarded.

In assessing a motion for a new trial, a district court determines whether "the weight of the evidence supports the verdict." Jones, 780 F.3d at 492. The court may, though it is not required to, weigh the evidence and credibility of the testimony. Id. In conducting our abuse-of-discretion review, we take "both the facts and the reasonable inferences therefrom in the light most hospitable to the jury's verdict." Poy v. Boutselis, 352 F.3d 479, 485 (1st Cir. 2003) (alteration in original) (quoting Correa v. Hosp. S.F., 69 F.3d 1184, 1188 (1st Cir. 1995)). Our review is circumscribed because "[c]ircuit judges, reading the dry pages of the record, do not experience the tenor of the testimony at trial." Jones, 780 F.3d at 492 (quoting Jennings, 587 F.3d at 436-37).

Under Puerto Rico law, to make a prima facie showing of negligence, a plaintiff must demonstrate: "1) an act or omission constituting fault or negligence; 2) damages; and 3) a causal connection between the defendant's tortious conduct and the injuries sustained by plaintiff." Smith v. Williams Hospitality Mgmt. Corp., 950 F. Supp. 440, 446 (D.P.R. 1997) (citing Marital

- 5 -

Cmty. v. Gonzalez Padin Co., 17 P.R. Offic. Trans. 111, 113 (1986)). Within this framework, a negligent act or omission is one in which the defendant failed to behave as a reasonable and prudent person would have in the same or similar circumstances. Id. (citing Jiménez v. Pelegrina Espinet, 12 P.R. Offic. Trans. 881, 888 (1982)).

Here, Mejías's argument is premised on what he deems "patently clear" facts refuting Doreste's claim that he did not have time to stop before hitting Mejías, and thus did not breach a duty of care. First, Mejías contends that Doreste himself admitted at trial that Mejías was closer to the sidewalk than to the middle of the road when Doreste's car hit him. He also points to Doreste's testimony indicating that damage was sustained on Doreste's passenger-side bumper. Mejías argues that this testimony, coupled with the photographs presented at trial, "shatters Doreste's claim that [Mejías] appeared suddenly in front of his SUV."[3]

---

[3] Mejías also presses a claim that the jury verdict was "against bedrock legal precedents," because the weight of the evidence does not support a finding that Mejías was comparatively negligent, or that Mejías's own negligence should preclude finding Doreste negligent as well. He cites two Puerto Rico Supreme Court cases, Vda de Vila v. Guerra Mondragón, 7 P.R. Offic. Trans. 463 (1978), and Briales Aldrich v. Torres, 89 P.R.R. 797 (1964), as support for assigning liability to a driver in spite of a pedestrian's comparative negligence. However, these cases are inapplicable. The jury did not enter any verdict with respect to Mejías's negligence. It simply found that the preponderance of the evidence did not support finding Doreste negligent.

Although Mejías characterizes Doreste's alleged admissions as "uncontradicted," as the district court pointed out that is simply not accurate. Not only did Doreste testify that the damage sustained on the passenger side of his car was not from hitting Mejías, but he also testified on cross-examination that Mejías appeared suddenly in front of him, before he had a chance to respond. A jury could find Doreste's version of the accident persuasive. Indeed, the district court concluded that the evidence about the vehicle damage favored the defendants. See Aguayo v. Rodriguez, No. 14-1059, 2016 WL 3522259, at *3 (D.P.R. June 21, 2016). Moreover, the court considered Doreste's testimony at trial that he did not drink, obeyed the traffic laws, and was not otherwise distracted, and concluded that the jury could permissibly have found that Doreste behaved as a reasonable man would have under the same or similar circumstances. See id. at *2. We find no abuse of the district court's discretion in declining to disturb the jury's conclusion on these points.

## B. Defense Counsel Closing Statements

Mejías next takes aim at certain statements that defense counsel made during closing arguments. We "examine the totality of the circumstances, including (1) the nature of the comments; (2) their frequency; (3) their possible relevance to the real issues before the jury; (4) the manner in which the parties and the court treated the comments; (5) the strength of the case; and

(6) the verdict itself." Granfield v. CSX Transp., Inc., 597 F.3d 474, 490 (1st Cir. 2010). We "do not reverse in the absence of prejudice to the appellant's case." Osorio v. One World Techs., Inc., 659 F.3d 81, 90 (1st Cir. 2011).

Mejías first directs our attention to the following comment made by defense counsel at closing:

> I leave you with the Oxford Dictionary's definition of what an accident is. I quote, 'An unfortunate incident that happens unexpectedly and unintentionally typically resulting in damage or injury.' That is precisely what happened on January 28, 2013 in Isabela, an accident . . . . It was not [Doreste's] negligence. Unfortunately this good gentleman suffered serious injuries but please apply the law.

Mejías argues that this comment gave the jury "the erroneous belief that there is no liability if the event was accidental." He preserved this challenge at trial. After overruling Mejías's objection, the judge stated to the jury: "I will be instructing you as to the law but nothing prevents counsel from incorporating, from citing the law . . . ultimately it is my instructions as to the law [t]hat matters." Moreover, at the close of trial, the judge reminded the jury: "In the final analysis . . . it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you."

- 8 -

At the outset, we note that this was a negligence action, and not once in the district court's explanation of negligence law did the term "accident" appear. In light of the lack of relevance to "real issues before the jury," we fail to discern how, given the totality of the circumstances, the district court's allowance of defense counsel's remark was an abuse of discretion. Granfield, 597 F.3d at 490. Moreover, we think that the district judge's prompt curative instructions "sufficiently neutralized" any "tendency to mislead" caused by the comment. See id. at 491; United States v. Ayala-García, 574 F.3d 5, 21 (1st Cir. 2009) (noting that generally, the "standard instruction, advising jurors that arguments of counsel are not evidence, [is] adequate to dispel any prejudice from improper remarks").

Mejías asserts another preserved objection to Universal counsel's warning, at closing, to "not fall for the catch that if there's insurance, the sky is the limit." He maintains that this comment was an inappropriate "blatant appeal to sympathy" because it "impl[ied] that Doreste may have to pay out of his own pocket." We need not dwell on this challenge. The court reminded the jury to not "consider[]" the insurance-coverage evidence in determining either Doreste's liability or the damages award. Moreover, any assertion of prejudice on the basis of this comment is hard to grasp, as the jury -- having found that Doreste was not negligent -- never reached the issue of damages. Accordingly, the district

- 9 -

court did not abuse its discretion in allowing this comment to be presented to the jury.

## C. Jury Instructions

Finally, Mejías argues that the court gave "fatally incomplete" jury instructions on the duty of drivers vis-á-vis pedestrians. The district court instructed the jury on the duty of drivers as follows:

> The motor vehicle operator owes the pedestrian the duty to regulate the speed of his motor vehicle at all times with due care taking into account the width, traffic, use and condition of the public highway. Additionally, the operator has a duty to take the proper precautions so as to not injure any pedestrian with special precautions when the pedestrians are children or elderly or disabled persons. These precautions shall be taken even when the pedestrian is improperly or illegally using the public road.

While these instructions incorporate and paraphrase certain sections of the Puerto Rico Vehicle and Traffic Laws, Mejías argues that the full text of these sections should have been included. See P.R. Laws Ann. tit. 9, § 5121; id. § 5253(a).[4]

---

[4] Specifically, Mejías requested that the following statutory text be included in the jury instructions, verbatim:

> No one shall drive at a speed greater than that which allows the driver to exercise proper control of the vehicle and shall reduce its speed or stop when needed to prevent an accident . . . [E]very person shall drive at a safe and adequate speed . . . when there is special danger to pedestrians or other traffic, or due to the weather or the condition of the public highway.

He raised these objections at the charge conference, and after considering his suggestions, the district court denied them, stating, "[T]here is no requirement that the entire provision verbatim has to be drafted word by word in the final jury instructions. It is sufficient to inform the jury adequately as to the pertinent law and as drafted I believe that it [does]."

We agree. A district court's refusal to give a particular instruction is only reversible error if: "the requested instruction was (1) correct as a matter of substantive law, (2) not substantially incorporated into the charge as rendered, and (3) integral to an important point in the case." Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 8 (1st Cir. 2001) (quoting White v. N.H. Dep't of Corr., 221 F.3d 254, 263 (1st Cir. 2000)). Moreover, to succeed, Mejías must show that the error affected his

---

P.R. Laws Ann. tit. 9, § 5121.

Additionally, he requested that the following be included in the instructions:

> Any person who drives a vehicle on the public roads shall be bound to . . . [y]ield [the] right of way when there are no traffic lights installed or are not working properly, reduce speed, and stop if necessary, for any pedestrian who is crossing the road on a pedestrian crosswalk on a road where said vehicle is being driven, or when the pedestrian may be in danger when approaching from the opposite side of the roadway.

Id. § 5253(a).

"substantial rights."  Id. (quoting Play Time, Inc. v. LDDS Metromedia Commc'ns, Inc., 123 F.3d 23, 29 n.7 (1st Cir. 1997); see Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").  Our review is de novo.[5]  Id.

Mejías's challenge fails the second prong of the test because the given instructions "substantially incorporated" a driver's duties with respect to pedestrians under Puerto Rico law. Cigna, 241 F.3d at 8 (citation omitted).  Indeed, we have often stated that a trial court need not "use the precise words proposed by one party in its instructions; it is sufficient if the principle of law is correctly stated."  United States v. Rule Indus., Inc., 878 F.2d 535, 543 (1st Cir. 1989) (quoting Harrington v. United States, 504 F.2d 1306, 1317 (1st Cir. 1974)).  The instructions were sufficient, as they addressed the core concerns of Mejías's preferred text, that is, that a driver owes a duty to pedestrians to regulate his speed and to take proper precautions.  It is unlikely that additional text would have enhanced the jurors' understanding here, and the district court did not err in choosing

---

[5]    Jury-instruction challenges asserting that the court "omitted a legally required instruction" or "materially misstated the law" are reviewed de novo, while challenges to a court's phrasing of certain instructions are reviewed for abuse of discretion. United States v. De La Cruz, 835 F.3d 1, 12 (1st Cir. 2016).  We assume without deciding that the more exacting standard applies here, as the parties do not take a position on the matter and Mejías's challenge fails under both standards.

to exclude this extraneous language.  See, e.g., White, 221 F.3d at 264-65; Rule, 878 F.2d at 543-44.  Moreover, Mejías fails to articulate how these omissions affected his substantial rights. The district court's refusal to give Mejías's preferred instruction, then, was not reversible error.

## III.

For the reasons discussed above, we **AFFIRM** the judgment.